UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY D. CABAN,

Plaintiff,

v. Case No. 26-cv-877-pp

CLASS III COMMITTEE MEMBERS, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Timothy D. Caban, who is representing himself, was incarcerated at Jackson Correctional Institution when he filed this complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 8, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $35.02. Dkt. No. 8. The court received that fee on August 10, 2026.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing as he is able.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Class III Committee Members; Health Services Team; RN T. Hentz; H. Gunderson, reviewing authority; A. Engelken, corrections complaint examiner; and C. O'Donnell, Office of the Secretary. Dkt. No. 1 at 1. The plaintiff alleges that on March 2, 2026, while incarcerated at Jackson, he "was recommended for a surgery to be scheduled and performed by a[n] out[]side hospital, for a hernia injury." Id. at 2. The plaintiff states that on March 23, 2026, the prison's health services unit team informed him: "A Class III meeting was held to discuss your inguinal hernia. Surgery was denied because there is no indication of a need for emergency surgery and you will be released on 6/10/2026. Surgery could result in significant complications that could result in you being held in prison for a longer period of time. The best course of action is to see a general surgeon after you are released to have the hernia repaired." Id. at 2-3.

The plaintiff alleges that he filed an inmate complaint and that on April 9, 2026, prison officials dismissed it, and his appeal was dismissed on April 28, 2026. Id. at 3. He asserts that on April 9, 2026, he was denied access to speak

with the HSU Manager and receive the necessary copies of medical records. Id. The plaintiff states that he is suffering pain and complications while having to put up with not receiving the needed surgery. Id.

The plaintiff asserts that "deliberate indifferent administrative practice/strategy has been used to dissipate the plaintiff['s] access to receive the medical hernia repairment surgery that was recommended by outside medical official." Id. at 4. He claims that the defendants showed deliberate indifference to his medical needs. Id. For relief, he seeks compensatory and punitive damages for pain and suffering. Id. at 5.

C. Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

A hernia can be considered a serious medical need depending on whether it is reducible or strangulated, and the level of pain it causes. See Gonzalez v. Feinerman, 663 F.3d 311, 314 (7th Cir. 2011); Johnson v. Doughty, 433 F.3d 1001, 1010, 1012–14 (7th Cir. 2006); Heard v. Sheahan, 253 F.3d 316, 317–18 (7th Cir. 2001). The plaintiff alleges that outside medical officials recommended that he undergo hernia repairment surgery, and that he experienced pain from his hernia. The court assumes that the plaintiff's hernia amounted to a serious medical need.

The plaintiff alleges that two weeks after the surgery recommendation, a Class III meeting was held, during which the health services unit team at his institution decided that he should not have surgery because he did not have a need for emergency surgery, he would be released in less than three months and surgery could result in complications that would result in him being left in prison for a longer period of time. The plaintiff does not allege that any defendant disregarded his condition; rather, he alleges that health service unit officials decided that because he did not need immediate hernia surgery, he should wait for surgery until after he was released. The plaintiff does not allege that the outside medical provider recommended that he undergo emergency, or immediate, surgery. Even if the outside provider had recommended immediate surgery, the health services unit officials' decision not to schedule the plaintiff for surgery because of his imminent release does not amount to deliberate indifference. See Riley v. Waterman, 126 F.4th 1287, 1295-96 (7th Cir. 2025) (quoting Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014) ("Disagreement. . . between two medical professionals[ ] about the proper course of treatment generally is insufficient, by itself, to establish an Eighth amendment violation.")).

The plaintiff disagrees with the decision not to refer him for surgery before he was released from prison. But neither medical malpractice nor a mere disagreement with a medical professional's medical judgment amount to deliberate indifference. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996) (medical providers' differing opinions as to best treatment for incarcerated individual do not amount to deliberate indifference). The plaintiff does not state a claim under the Eighth Amendment based on the failure to immediately refer him for surgery. It appears from the complaint that Class III Committee Members and the Health Services Team were involved in that decision, which means that the plaintiff does not state a claim against these defendants.

The plaintiff also sued Nurse Hentz, H. Gunderson, A. Engelken and C. O'Donnell. The complaint does not contain any allegations against these defendants. To the extent that the plaintiff wants to sue individuals involved in processing the administrative complaint he submitted, he does not state a claim against them. See Owens v. Hinsley, 635 F.3d 950, 953-54 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). The plaintiff has not stated a claim against Hentz, Gunderson, Engelken and O'Donnell.

The plaintiff alleges that he experienced pain and complications from his hernia. The complaint does not contain allegations regarding the care he received for hernia while he was incarcerated. (The plaintiff was released from prison on June 9, 2026.) The court will allow the plaintiff an opportunity to file an amended complaint regarding treatment for his hernia condition.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D.

Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DETERMINES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end

of the day on **October 30, 2026**. If the court receives an amended complaint by October 30, 2026, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the October 30, 2026 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a "strike" as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the **$314.98** balance of the filing fee to the court.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if his address changes. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled

"Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 29th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**