UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY D. CABAN,

Plaintiff,

v. Case No. 26-cv-877-pp

CLASS III COMMITTEE MEMBERS, *et al.*,

Defendants.

---

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Timothy D. Caban filed this lawsuit alleging violations of his civil rights. Dkt. No. 1. On September 29, 2026, the court screened the plaintiff's complaint under 28 U.S.C. §1915A and dismissed that complaint for failure to state a claim. Dkt. No. 10. The court said that if the plaintiff did not file an amended complaint by October 30, 2026, it would dismiss the case based on the plaintiff's failure to state a claim in the original complaint and would issue him a strike as required by 28 U.S.C. §1915(g). Id. at 8.

The plaintiff was confined at Jackson Correctional Institution when he filed his complaint. Dkt. No. 1. On May 18 and June 1, 2026, he notified the court that he would be released from prison on June 9 or 10, 2026, and he provided the court with a new address on North 4th Street in Milwaukee, Wisconsin. Dkt. Nos. 3, 5. On July 15, 2026, the court mailed its order assessing the initial partial filing fee to the plaintiff at his new address, dkt. no. 9, and the court received the initial partial filing fee on August 10, 2026. The court sent its September 29, 2026 order to the plaintiff the same 4th Street

address in Milwaukee. The order has not been returned to the court as undeliverable and the court has no reason to believe the plaintiff did not receive it. The plaintiff has not notified the court of any further update to in his address. The October 30, 2026 deadline has passed and the plaintiff has not filed an amended complaint. As the court said it would do in its previous order, the court will dismiss the case.

The court **ORDERS** that this is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case

in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 6th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**